ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
  A Professional Corporation
MARK ALBRIGHT
gma@albrightstoddard.com
801 S. Rancho Drive
Building D
Las Vegas, Nevada 89106
Telephone:  (702) 384-7111
Facsimile:  (702) 384-0605

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY P. BARBEE, Cal. Bar No. 185156
gbarbee@sheppardmullin.com
BETHANY L. HENGSBACH, Cal. Bar No. 243958
bhengsbach@sheppardmullin.com
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone:  213-620-1780
Facsimile:  213-620-1398

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN KLEIN, WILLIAM J. BROOKSBANK, DONAVON JOHNSON, KEVIN BURK, JACK WHISTLER and JOSEPH F. MANNIX, individually, and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FREEDOM STRATEGIC PARTNERS, LLC, JOVAN VERCEL, JR., KENNETH M. WIDNER, FREEDOM WIRELESS., DOUGLAS V. FOUGNIES, AND LARRY L. DAY,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS FREEDOM STRATEGIC PARTNERS, LLC, JOVAN VERCEL, JR., KENNETH M. WIDNER, FREEDOM WIRELESS, DOUGLAS V. FOUGNIES, AND LARRY L. DAY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>[Complaint Filed:  August 29, 2008]<br><br>[Declaration of Robert Boland filed concurrently herewith] |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA, AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants, Freedom Strategic Partners, LLC, Jovan Vercel, Jr., Kenneth M. Widner, Freedom Wireless, Inc., Douglas V. Fougnies, and Larry L. Day ("Defendants"), by their undersigned attorneys, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby remove to the United States District Court for the District of Nevada, the action captioned *Steven Klein, et al. v. Freedom Srategic Partners, LLC, et al.*, which is currently pending in the District Court of Clark County Nevada, as Case No. A570725 (hereinafter the "State Court Action").

## I.   THE NATURE OF THE ACTION

1.   Plaintiffs allege that they are investors in certain partnerships purportedly formed by Defendants to fund the enforcement of various mobile telephone patents held by Defendant Freedom Wirelesss ("Royalty Participation Partnerships"). (Complaint ¶1-2, Ex. A).[1]   Plaintiffs seek recovery for royalty payments they allege are due and owing from Defendants as a result of certain litigation settlements and licensing agreements obtained by Defendants. (Complaint ¶27-98, Ex. A).

## II.   THE PARTIES AND THEIR CITIZENSHIP

2.   Defendant Freedom Strategic Partners, LLC ("Freedom Strategic") is a limited liability corporation organized under the laws of the State of Nevada with its principal place of business located in Arizona. The sole member of Freedom Strategic is Freedom Wireless, a Nevada corporation. (Complaint ¶12, Exh. A; Declaration of Robert

---

[1]   Filed herewith as Exhibit A to this Notice of Removal are copies of all of the pleadings, processes and orders that have been served upon Defendants to date, and that have been filed in the State Court Action.

Boland ("Boland Decl.") ¶ 2). Thus, Freedom Strategic is a citizen of Nevada and Arizona for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c).

3. Defendant Freedom Wireless is a corporation organized under the laws of the State of Nevada with its principal place of business located in Arizona. (Complaint ¶ 15, Ex. A, Boland Decl. ¶ 3). Thus, Freedom Strategic is a citizen of Nevada and Arizona for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c).

4. Defendant Jovan Vercel is a resident and citizen of Arizona. (Boland Decl. ¶ 4).

5. Defendant Kenneth Widener is a resident and citizen of Arizona. (Boland Decl. ¶ 5).

6. Defendant Douglas Fougnies is a resident and citizen of Arizona. (Boland Decl. ¶ 6).

7. Defendant Larry Day is a resident and citizen of Arizona. (Boland Decl. ¶ 7).

8. According to the Complaint, Plaintiff Steven Klein is a resident and citizen of Nevada. (Complaint ¶ 6, Ex. A).

9. According to the Complaint, Plaintiff William Brooksbank is a resident and citizen of Arizona. (Complaint ¶ 7, Ex. A).

10. According to the Complaint, According to the Complaint, Plaintiff Donovan Johnson is a resident and citizen of Tennessee. (Complaint ¶ 8, Ex. A).

11. According to the Complaint, Plaintiff Kevin Burk is a resident and citizen of Arizona. (Complaint ¶ 9, Ex. A).

12. According to the Complaint, Plaintiff Jack Whistler is a resident and citizen of Illinois. (Complaint ¶ 10, Ex. A).

13. According to the Complaint, Plaintiff Joseph Mannix is a resident of Florida and Pennsylvania. (Complaint ¶ 11, Ex. A). Therefore, Plaintiff Mannix is a citizen of Florida and Pennsylvania. *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F. 3d 514, 520 (10th Cir. 1994) (residence is prima facie evidence of domicile for purposes of citizenship in diversity cases).

## III. REMOVAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")

14. The CAFA amended the diversity jurisdiction statute, 28 U.S.C. § 1332, by adding provisions that give federal courts original jurisdiction in class actions where the following factors are met:

    a. the aggregate amount in controversy exceeds $5,000,000;

    b. any member of the plaintiff class is a citizen of a State different from any defendant or any member of the plaintiff class is a citizen or subject of a foreign state and any defendant is a citizen of a State ("minimal diversity");

    c. the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; and

        d.      the number of members of the plaintiff class is 100 or more.

28 U.S.C. § 1332(d)(2), (d)(5); *see also Lowdermilk v. United States Bank National Association*, 479 F.3d 994, 997 (9th Cir. 2007).

**A.** **Minimal Diversity**

15.    In the present case, the minimal diversity requirement of the CAFA has been met. As noted above, Defendants are citizens of Nevada and Arizona and Plaintiffs are citizens of Tennessee, Illinois, Pennsylvania, Nevada and Arizona. Accordingly, the minimal diversity requirement of the CAFA is satisfied. See 28 U.S.C. § 1332(d)(2)(A) & (B).

16.    Also in the present case, none of the Defendants is a state, state official, or other government entity "against whom the district court may be foreclosed from ordering relief."

**B.** **Class Size**

17.    The putative class, as defined in Plaintiffs' Complaint, is "all persons who purchased or otherwise acquired [u]nits of the [p]artnerships and held those [u]nits as of the date that any [r]oyalties were realized by Freedom Wireless." (Complaint ¶ 143, Ex. A). Plaintiffs' Complaint asserts that there are approximately 1,750 partners who invested in the partnerships at issue (Complaint ¶ 144, Ex. A). Thus, even if, as the Complaint alleges, there may be some investors who disposed of their partnership units prior to the date any royalties were realized by Freedom Wireless, the class membership clearly is well in excess of 100 and meets the CAFA numerosity requirement.

C. **Amount In Controversy**

18. The Complaint does not specify the amount of damages Plaintiffs seek.[2] Accordingly, Defendants' burden to demonstrate that the amount in controversy meets the CAFA threshhold is very low. Defendants need only provide evidence that it is "more likely than not" that the stakes exceed $5,000,000. *Abrego v. The DOW Chemical Company,* 443 F.3d 676, 683 (9th Cir. 2006); *see also Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996) ("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met. [citations omitted] Under this burden, the defendant must provide evidence that it is 'more likely than not' that the amount in controversy satisfies the federal diversity jurisdictional amount requirement").

19. While Plaintiffs' Complaint does not set forth the precise amount of money being sought from Defendants, the allegations therein make it clear that the aggregate amount in controversy for the putative class exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(6) ("the claims of the individual class members shall be aggregated to determine whether the matter in controversy the sum or value of $5,000,000.").

20. Plaintiffs claim that the amount owed, from one settlement alone, to the Royalty Participation Partnerships in which putative class members invested equals $32,409,765. (Complaint ¶ 117, Ex. A). In addition to this $32,409,765, Plaintiffs seek further unspecified damages from other alleged settlements and licensing agreements. (Complaint ¶ 49-76; 91-98, Ex. A).

---

[2] Plaintiffs' Complaint seeks "compensatory damages . . . in excess of $10,000 . . . punitive damages . . . in excess of $10,000" plus "attorneys' fees and costs." (Complaint ¶ 49, Ex. A).

21. Thus, it is clear from the aggregate damages Plaintiffs seek that it is "more likely than not" that the amount in controversy exceeds $5,000,000. *Abrego,* 443 F.3d at 683. Accordingly, CAFA's jurisdictional threshold for amount in controversy is met. 28 U.S.C. § 1332(d).

### D. CAFA Exceptions Are Not Applicable

22. Further, while 28 U.S.C. § 1332(d)(3)&(4) does recognize situations where this Court may or must decline jurisdiction despite the fact that the minimal diversity and the amount in controversy requirements of § 1332(d)(2) are satisfied, Plaintiffs shoulder the burden of establishing that any of these exceptions apply, and cannot meet this burden in the present case. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007) (holding that party seeking remand of case removed under CAFA, not removing party, bears burden of proof to establish CAFA exception).

23. First, only one out of six named Plaintiffs is a citizen of Nevada. Complaint ¶¶ 6-11, Ex. A. Moreover, Plaintiffs cannot establish that greater than one-third of the putative class members are citizens of Nevada, since, upon information and belief, only fourteen partners reside in Nevada. *See* 28 U.S.C. §§ 1331(d)(3)(discretionary declination of jurisdiction limited to situations where "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the state where the action was originally filed."); *See also* Boland Decl. ¶ 8, 9.[3]

---

[3] The discretionary declination of jurisdiction in 1332(d)(3) does not apply for numerous other reasons which need not be argued here since Plaintiffs cannot meet the threshold burden of establishing that greater than one-third of the proposed class members are citizens of Nevada.

24.  Second, Plaintiffs are likewise unable to establish that two-thirds of all proposed class members are citizens of Nevada, so neither the "local controversy" exception nor the "home controversy" exception applies. *See* 1331(d)(4)(A)(local controversy mandatory declination limited to cases where "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed";[4] *See also* 1331(d)(4)(B)(home state controversy mandatory declination limited to cases where "two thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed."). *See also* Boland Decl. ¶ 8, 9.

## IV. VENUE

25.  Venue in the District of Nevada is proper pursuant to 28 U.S.C. § 1441(a) because the county in which the State Court Action was pending is found within this District.

## V. DEFENSES

26.  The removal of this action to the District of Nevada does not waive Defendants' ability to assert any defense to this action.

27.  Defendants have filed a true and correct copy of this Notice of Removal with the District Court for Clark County.

---

[4] The mandatory declination of jurisdiction in 1332(d)(4)(A) and (B) does not apply for numerous other reasons which need not be argued here since Plaintiffs cannot meet the threshold burden of establishing that greater than two-thirds of the proposed class members are citizens of Nevada.

WHEREFORE, Defendants have removed this action to the United States District Court for the District of Nevada, in accordance with the statutes in such cases made and provided.

Dated: October 10, 2008

By _____
ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
A Professional Corporation
MARK ALBRIGHT
gma@albrightstoddard.com
801 S. Rancho Drive
Building D
Las Vegas, Nevada  89106
Telephone:   (702) 384-7111
Facsimile:    (702) 384-0605


SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
GREGORY P. BARBEE, Cal. Bar No. 185156
gbarbee@sheppardmullin.com
BETHANY L. HENGSBACH, Cal Bar No. 243958
bhengsbach@sheppardmullin.com
333 South Hope Street, 48th Floor
Los Angeles, California  90071-1448
Telephone:   213-620-1780
Facsimile:    213-620-1398

Attorneys for Defendants