Robert C. Maddox, Esq., NV Bar No. 4002
Troy L. Isaacson, Esq., NV Bar No. 6690
**ROBERT C. MADDOX & ASSOCIATES**
3811 West Charleston Blvd., Suite 110
Las Vegas, Nevada 89102
Telephone: (702) 366-1900
Facsimile: (702) 366-1999

Richard G. Himelrick, Esq., AZ Bar No. 004738
**TIFFANY & BOSCO, P.A.**
Third Floor Camelback Esplanade II
2525 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 255-6000
Facsimile: (602) 255-0103
*Admitted Pro Hac Vice*

Andrew S. Friedman, Esq., AZ Bar No. 005425
Frank J. Balint, Jr., Esq., AZ Bar No. 007669
**BONNETT FAIRBOURN FRIEDMAN & BALINT**
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
Telephone: (602) 274-1100
Facsimile: (602) 274-1199
*Admitted Pro Hac Vice*

Attorneys for Plaintiffs and the Prospective Class

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN KLEIN; WILLIAM J. BROOKSBANK; DONAVON JOHNSON; KEVIN BURK; JACK WHISTLER and JOSEPH F. MANNIX, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FREEDOM STRATEGIC PARTNERS, LLC; JOVAN VERCEL, JR.; KENNETH M. WIDNER; FREEDOM WIRELESS, INC.; DOUGLAS V. FOUGNIES; and LARRY L. DAY,<br><br>Defendants. | CASE NO.: 2:08-cv-01369-PMP-PAL<br><br>**ERRATA TO PLAINTIFFS' PRELIMINARY OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br>**- AND-**<br>**MOTION TO CONDUCT JURISDICTIONAL DISCOVERY** |

| | |
|---|---|
| 1 | FREEDOM STRATEGIC PARTNERS, LLC, |
| 2 | Counter-Claimant, |
| 3 | vs. |
| 4 | STEVEN KLEIN; WILLIAM J. BROOKSBANK; DONAVON JOHNSON; KEVIN BURK; JACK WHISTLER and JOSEPH F. MANNIX, individually, and on behalf of all others similarly situated, |
| 5 | |
| 6 | |
| 7 | Counter-Defendants. |

COME NOW Plaintiffs, by and through its attorneys of record, the law firms of Robert C. Maddox & Associates, Tiffany & Bosco, P.A., and Bonnett Fairbourn Friedman & Balint, and hereby submit this Errata to Plaintiffs' Preliminary Opposition to Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Conduct Jurisdictional Discovery. The Errata consists of the original, executed Declaration of Steven Klein, identified as Exhibit "I" in Plaintiffs' Opposition.

DATED this 11th day of November, 2008.

**ROBERT C. MADDOX & ASSOCIATES**

By:_____
Robert C. Maddox, Esq., NV Bar No. 4002
Troy L. Isaacson, Esq., NV Bar No. 6690
3811 West Charleston Blvd., Suite 110
Las Vegas, Nevada 89102

Richard G. Himelrick, Esq., AZ Bar No. 004738
**TIFFANY & BOSCO, P.A.**
Third Floor Camelback Esplanade II
2525 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
*Admitted Pro Hac Vice*

Andrew S. Friedman, Esq., AZ Bar No. 005425
Frank J. Balint, Jr., Esq., AZ Bar No. 007669
**BONNETT FAIRBOURN FRIEDMAN & BALINT**
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
*Admitted Pro Hac Vice*

Attorneys for Plaintiffs and the Prospective Class

## CERTIFICATE OF SERVICE

I hereby certify on November 11, 2008, that the foregoing **ERRATA TO PLAINTIFFS' PRELIMINARY OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - AND - MOTION TO CONDUCT JURISDICTIONAL DISCOVERY** was served via the United States District Court CM/ECF system on all parties or persons requesting notice:

_____
An employee of Robert C. Maddox & Associates

ROBERT C. MADDOX & ASSOCIATES
Robert Maddox, Nevada Bar #4002
Troy Isaacson, Nevada Bar #6690
3811 W. Charleston Blvd., Suite 110
Las Vegas, Nevada 89102
Telephone: 702-366-1900
Facsimile: 702-366-1999
rmaddox@maddoxandassociates.com
tisaacson@maddoxandassociates.com

TIFFANY & BOSCO, P.A.
Richard G. Himelrick, AZ Bar #004738
J. James Christian, AZ Bar #023614
Third Floor Camelback Esplanade II
2525 E. Camelback Road
Phoenix, Arizona 85016-4237
Telephone: 602-255-6000
Facsimile: 602-255-0103
rgh@tblaw.com; jjc@tblaw.com

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Andrew S. Friedman, AZ Bar #005425, (Pro Hac Vice)
Francis J. Balint, Jr., AZ Bar #007669
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
Telephone: 602-274-1100
Facsimile: 602-274-1199
afriedman@bffb.com; fbalint@bffb.com

Attorneys for Plaintiffs and the Prospective Class

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN KLEIN, WILLIAM J. BROOKSBANK, DONAVON JOHNSON, KEVIN BURK, JACK WHISTLER, and JOSEPH F. MANNIX, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FREEDOM STRATEGIC PARTNERS, LLC, JOVAN VERCEL, JR., KENNETH M. WIDNER, FREEDOM WIRELESS, INC., DOUGLAS V. FOUGNIES, and LARRY L. DAY,<br><br>Defendants.<br>And Counterclaim. | Case No. 2:08-cv-1369<br><br>**DECLARATION OF STEVEN KLEIN** |

- 1 -

1. My name is Steven Klein. I am over twenty-one (21) years of age. The facts set forth below are based on my own personal knowledge, except where otherwise indicated.

2. I reside in Blue Diamond, Nevada. I purchased units in four Royalty Participation Partnerships (the "Partnerships") on behalf of The Steven & Mary Klein Trust (the "Trust"). The Trust continues to own those Partnership Units. Defendant Freedom Strategic Partners LLC ("FSP") is the managing partner of the Partnerships. Jovan Vercel ("Vercel") and Kenneth Widner ("Widner") are the managers of FSP.

3. In 1999, Vercel called me at my residence in Nevada and solicited my investment in the Partnerships. He was aware that I had invested and lost funds in a prior investment in a business promoting pre-paid cellular services known as "Pre Paid – One Stop." Vercel represented that an investment in the Partnerships would afford me the opportunity to recover my lost investment proceeds and earn a substantial additional profit. He called me on several occasions at my residence in Nevada to convince me to move forward with an investment in the Partnerships.

4. After speaking with me, Vercel sent me a letter dated September 8, 1999, to follow up on our conversation. This letter was sent to my Post Office address in Blue Diamond, Nevada. In that letter, Vercel noted that "[i]t was a pleasure to have spoken to you regarding…your further participation in this exciting project." This refers to the initial phone call that he placed to me in Nevada. Vercel went on to say that "[t]hough I greatly desire to speak face to face with you….that is not financially possible because there are almost 5,000…investors like yourself." Based on this letter, and other information, I believe that Vercel was calling and mailing solicitation letters to the prior investors in "Pre Paid – One Stop," including many who reside in the State of Nevada. A copy of the Letter is attached as Exhibit "1."

5. After I agreed to consider investing in the Partnerships, Vercel sent me various materials, including a Royalty Participation Agreement and the Freedom Strategic Partners, L.L.C General Business Plan. These documents were mailed to me at my Post Office address in Blue Diamond, Nevada. A copy of the cover letter and attached documents is attached as

Exhibits "1", "2" and "3". While in Nevada, I signed the Royalty Participation Agreement for each of the four Partnerships in which the Trust invested and mailed the agreements back to FSP, in care of Vercel. I also sent to FSP, in care of Vercel, four checks totaling $9,000 from 1999 to 2004 drawn on my account located in Nevada. I transmitted these funds, through the U.S. Mail, from Nevada.

6. After my initial investment, I received additional solicitations from Vercel and Widner extolling the progress being made by FWI and the Partnerships and urging me to invest additional amounts. These aggressive solicitations, signed by Vercel or by Vercel and Widner, were cast in very positive promising terms. All of these solicitations were mailed to me at my Nevada address. They said things like:

- "You are now in a position to benefit from what may perhaps be one of the largest patent infringement lawsuits in the history of our country…It is time to step up to the plate and participate in this as one of the greatest investment opportunities that you have ever seen." A copy of the Letter dated 4/6/00 is attached as Exhibit "4."
- "[T]his truly is one of the greatest opportunities of recent time…The clock is now ticking…If you don't get excited about your participation in this great opportunity…then you better check your pulse, and if you still have one please call me because you are missing something." A copy of the Letter dated 5/10/00 is attached as Exhibit "5."
- "It is time to start viewing this as the tremendous opportunity that it is…**You can not read all this without sensing that you have made it to the World Series, and its time to buy the champagne**...Now you have an opportunity…to potentially collect on a portfolio of patents…conservatively valued at hundreds of millions of dollars..." A copy of the Letter dated 6/15/01 is attached as Exhibit "6." (Emphasis original).

7. In the following years, from time to time, I received correspondence and other communications concerning the Partnerships that Vercel and Widner signed and had mailed to me at my home address in Nevada. Examples of these written communications are attached

hereto collectively as Exhibit "7." These communications were invariably signed by both Vercel and Widner and mailed to me at my Post Office address in Nevada. During the time from February 2000 to July 2007, no less than 32 such communications signed by Vercel and Widner were transmitted to me, through the U.S. Mail, at my Post Office address in Diamond, Nevada.

8. In certain of these communications, mailed to me in Nevada, Vercel and Widner solicited me to contribute additional capital to the Partnerships to fund the ongoing patent infringement litigation. Examples of these solicitation letters are attached collectively as Exhibit "8" (*See* Letter dated 5/7/03 ("**Freedom Wireless** is now in the most **financially challenging phase** of the lawsuit…With over a **$1 billion at stake** in this we need to step up to the plate…We expect to fill the rest of the partnerships with capital for them. **WE NEED YOUR HELP!**") (emphasis original); Letter dated 8/20/03 ("This opportunity it nearly over. Our last letter addressed the need for additional capital to finish the project….Those on the sidelines need to get in the game if they can and help, therefore taking advantage of one of the greatest opportunities they may ever see. We smell victory…"); and Letter dated 11/20/03 ("It is **imperative** to complete the partnership funding to help Freedom Wireless finish their case….This will be the LAST opportunity for you to participate with capital.") (emphasis original).

9. In November 2007, Vercel and Widner arranged for a special meeting of the partners to take place in Las Vegas, Nevada, the location of the FSIs offices. I made arrangements to travel to Las Vegas, Nevada to attend the pivotal shareholders meeting. Approximately 50 investors attended the meeting. In addition, both Vercel and Widner were in attendance at the Nevada meeting. The meeting was conducted by Vercel and Widner, and Robert Boland, an attorney for Freedom Strategic. Vercel, Widner and attorney Boland recommended a vote in favor of the proposed amendments without disclosing material information necessary for the investors to evaluate the proposed amendments to the Partnership Agreements, including: (i) the terms, amounts, and dates of receipt by FWI of any litigation settlements; (ii) the parties, terms and amounts of licensing agreements entered into by FWI or the amount of associated royalties; (iii) information sufficient to allow partners to compare the

expected income under the existing arrangement with the expected income under the reduced participation percentages; or (iv) the basis for calculation of the proposed initial royalty payments. Vercel stated that FSI already had collected enough affirmative votes to adopt the proposed amendments and that the meeting was essentially a formality to count any "abstentions" (the ballots did not provide any "No" vote option).

10. After the special meeting of partners was held in Las Vegas, Vercel and Widner mailed notices to my Nevada address, directed to all Partners, describing the resolutions purportedly approved at the special meeting for each of the four Royalty Participation Partnerships I purchased interest in. The notices were each sent out over signature blocks for both Vercel and Widner and indicate that they originated in "Las Vegas, Nevada – December 6, 2007." Copies of the notices are attached collectively as Exhibit "9."

11. In March of 2008, I received checks representing royalty payment and interest distributions from the Partnerships. These checks were signed by Vercel and mailed to me at my Post Office address in Nevada. These checks arrived after I called Vercel, from Nevada, to inquire about the status of the distribution. In response to that inquiry, I received a letter at my Nevada Post Office address signed by both Vercel and Widner. A copy of that Letter dated 3/24/08 is attached as Exhibit "10."

12. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 8th day, November 2008.

Steven Klein

- 5 -