1  ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
      A Professional Corporation
2  MARK ALBRIGHT
   gma@albrightstoddard.com
3  801 S. Rancho Drive
   Building D
4  Las Vegas, Nevada  89106
   Telephone:  702-384-7111
5  Facsimile:   702-384-0605

6  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
7     Including Professional Corporations
   GREGORY P. BARBEE, Cal. Bar No. 185156
8  gbarbee@sheppardmullin.com (admitted *pro hac vice*)
   BETHANY L. HENGSBACH, Cal. Bar No. 243958
9  bhengsbach@sheppardmullin.com (admitted *pro hac vice*)
   333 South Hope Street, 48th Floor
10 Los Angeles, California  90071-1448
   Telephone:  213-620-1780
11 Facsimile:   213-620-1398

12 Attorneys for Defendants

13
14                    UNITED STATES DISTRICT COURT

15                    DISTRICT OF NEVADA – LAS VEGAS

16
17 | STEVEN KLEIN, WILLIAM J. BROOKSBANK, DONAVON JOHNSON, KEVIN BURK, JACK WHISLER, and JOSEPH F. MANNIX, individually, and on behalf of all other similarly situated, | Case No. 2:08-CV-01369-PMP-PAL |
|---|---|
|           Plaintiffs, | **DEFENDANTS' (1) MOTION IN RESPONSE TO PLAINTIFFS' NOTICE OF PRELIMINARILY FILING THEIR REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL GOODMAN MATERIALS UNDER SEAL [Dkt. 123]; and** |
| v. | |
| FREEDOM STRATEGIC PARTNERS, LLC, JOVAN VERCEL, JR., KENNETH M. WIDNER, FREEDOM WIRELESS, INC., DOUGLAS V. FOUGNIES, and LARRY L. DAY, | **(2) *UNOPPOSED* MOTION TO REDACT SOCIAL SECURITY INFORMATION FILED WITH PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL GOODMAN MATERIALS** |
|           Defendants. | [Declarations of Larry L. Day, Douglas V. Fougnies, and Jovan Vercel, Jr. in Support Filed Concurrently Herewith] |
| | [Complaint Filed:  August 29, 2008] |

1      Pursuant to the Court's Protective Order Governing Confidentiality of
2  Documents [Dkt. 44] ("Court's Protective Order"), Defendants Freedom Strategic
3  Partners, LLC ("FSP"), Jovan Vercel, Jr., Kenneth M. Widner, Freedom Wireless,
4  Inc. ("FWI"), Douglas V. Fougnies, and Larry L. Day ("Defendants") respectfully
5  submit their Motion in Response to Plaintiffs' Notice of Preliminarily Filing their
6  Reply Memorandum in Support of their Motion to Compel Goodman Materials
7  Under Seal ("Motion to Seal"). For reasons more fully set forth below, Defendants
8  seek an order from this Court requiring that the following portions of Plaintiffs'
9  Reply Memorandum in Support of their Motion to Compel Goodman Materials
10 ("Reply") remain under seal:

- The dollar amount of the "bonuses, salaries, and dividends that Defendants Day and Fougnies [allegedly] paid themselves," stated on Page 1, Line 20 of the Reply; the general dollar amount "Defendants Day and Fougnies received through the [redacted] bonuses they [allegedly] paid themselves," stated on Page 8, Footnote 3 of the Reply; and the dollar amount "[Defendants] Day and Fougnies each [allegedly] took [redacted] in salary, bonuses and dividends" in 2006, as stated at Page 8, Footnote 3 of the Reply (collectively "Alleged Compensation");
- The entirety of Exhibit A to the Reply ("Exhibit A");
- The entirety of Exhibit B to the Reply ("Exhibit B");
- The entirety of Exhibit J to the Reply ("Exhibit J"); and
- The entirety of Exhibit K to the Reply ("Exhibit K"). (These portions of the Reply are collectively referred to herein as "Sealed Materials").

25      In addition, Defendants respectfully submit their Unopposed Motion to
26 Redact Social Security Information Filed With the Reply ("Motion to Redact").
27 Defendants' Motion to Redact is made pursuant to Rule 5.2 of the Federal Rules of
28 Civil Procedure, which generally prohibits any party or non-party from publicly

-1-

disclosing any individual's social security number through court filings. Plaintiffs do not oppose Defendants' Motion to Redact. The social security numbers that are the subject of Defendants' Motion to Redact are located in the following documents[1]:

- Beneath the employee names listed on document bates labeled FWI&FSP_2_053690, attached to the Reply as part of Exhibit A;
- Beneath the employee names listed on document bates labeled FWI&FSP_2_053692, attached to the Reply as part of Exhibit A;
- Beneath the employee names listed on document bates labeled FWI&FSP_2_053690, attached to the Reply as part of Exhibit B; and
- Beneath the employee names listed on document bates labeled FWI&FSP_2_053692, attached to the Reply as part of Exhibit B.

(These portions of Exhibits A and B are collectively referred to herein as "Social Security Numbers").[2]

These Motions are supported by the memorandum of points and authorities below, the concurrently filed Declarations of Larry L. Day, Jovan Vercel, Jr., and Douglas V. Fougnies, the papers on file herein, and any further argument or evidence the Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The Sealed Materials should remain under seal because they disclose private and personal information about Mr. Day and Mr. Fougnies' compensation from FWI, as well as reveal trade secret information owned by FWI, a private company. Ninth Circuit precedent establishes that Mr. Day and Mr. Fougnies have a significant and legally cognizable interest in preserving the secrecy of their salary

---
[1] Redacted pages of these documents are attached hereto as Exhibit A.
[2] Plaintiffs filed identical copies of documents FWI&FSP_2_053690 and FWI&FSP_2_053692 in both Exhibit A and Exhibit B.

and other compensation. FWI and FSP (as well as Plaintiffs) will suffer specific prejudice if their confidential, trade secret information regarding their annual legal fees are released for public consumption. This Court should maintain the secrecy of each of the Sealed Materials because Plaintiffs' Reply is not a dispositive motion, and Defendants easily establish the requisite showing of "good cause" under Federal Rule of Civil Procedure 26(c). Should the Court find that Plaintiffs' Reply is a dispositive motion, Defendants equally satisfy the Kamakana "compelling reasons" standard required to prevent the Sealed Materials from become part of the public domain.

Regardless of its decision whether to prevent the Sealed Materials from becoming part of the public record, the Court must, as a matter of law, prevent the publication of the Social Security Numbers. Plaintiffs do not oppose Defendants' Motion to Redact. There is no legitimate public interest in the Social Security Numbers; and their release into the public domain would constitute a clear violation of Federal Rule of Civil Procedure 5.2. Accordingly, the Court should grant Defendants' Motion to Redact regardless of its determination of Defendants' Motion to Seal.

## II.    PROCEDURAL HISTORY

The parties to this action entered into the Protective Order "in order to protect confidential, trade secret, proprietary and private consumer information." Stipulation and Protective Order Regarding Discovery or Disclosure of Private, Privileged, Proprietary, and Confidential Information [Dkt. 43] ("Protective Order"), 1. In so doing, the parties stipulated that "good cause" existed to prevent the unauthorized public disclosure of their confidential documents and other materials. Id. Subsequently, the Court reviewed and approved the Protective Order. Id. at 10; Protective Order Governing Confidentiality of Documents [Dkt. 44] ("Court Order"), 1:18-19. The Protective Order entitles the parties to designate certain items produced in discovery as confidential material. Protective Order, ¶¶ 3-

5. The Protective Order also provides that "any party filing a motion, pleading or other submission that contains or attaches Confidential Material" will file such motion, pleading or other submission under seal. Id. at ¶ 8.

Here, as Plaintiffs concede, their Reply "contains information and exhibits that Defendants have designated as [confidential] under the confidentiality orders entered in this action." Plaintiffs' Notice of Preliminarily Filing their Reply Memorandum in Support of their Motion to Compel Goodman Materials Under Seal [Dkt. 123] ("Notice"), 3:1-4. Plaintiffs therefore properly filed their Reply under seal. Pursuant to the Court's subsequent modification and clarification of the Protective Order, Defendants submit the present Motion to maintain the *status quo* of the Sealed Materials. Court Order, 5-6; Transcript of April 21, 2009 Joint Status Conference Before The Honorable Peggy A. Leen, 13:7-11 ("whoever believes that the documents that are submitted with a motion should be confidential has the burden of establishing either good cause, if it's a non-dispositive motion; or compelling reasons if it's a dispositive motion"). Because Defendants have both good cause and compelling reasons to prevent public disclosure of the Sealed Materials, those portions of the Reply should remain under seal.

### III.   ARGUMENT

**A.   The Reply Is Not A Dispositive Motion -- Accordingly, Good Cause Is Sufficient To Prevent Public Disclosure Of The Sealed Materials**

The Ninth Circuit applies different standards to a litigant's request to keep documents under seal depending on the type of filing to which the documents are attached. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006). "[Litigants] who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." Id. (internal citations omitted). This rule is premised on the notion that "resolution of a dispute on the merits, whether by trial or summary

judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" Id. at 1179.

By contrast, the public's interest in accessing non-dispositive motions, including attachments thereto, is weak because non-dispositive motions "are often unrelated or only tangentially related, to the underlying cause of action." Id. (citations omitted). Accordingly, a showing of good cause under Rule 26(c) will "suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive [motions]." Id. at 1180.

1. Plaintiffs' Reply is not a dispositive motion

Plaintiffs concede that the Reply is not a dispostive motion and that the Rule 26(c) "good cause" standard applies to maintain the confidentiality of the Sealed Materials. Reply, 3:10-14 ("Defendants . . . must through a separate memorandum make a particularized showing of 'good cause' to seal . . . information in the Reply and its attachments"). Accordingly, there is no dispute over the governing standard.

Even if this issue were in dispute, the weight of authority overwhelming supports a finding that a reply in support of a motion to compel discovery is a non-dispositive motion. Applying Kamakana, the U.S. District Court for the Northern District of California found that a motion to compel is not a dispositive motion. Nursing Home Pension Fund v. Oracle Corp., 2007 U.S. Dist. LEXIS 84000, *12 (N.D. Cal., Oct. 31, 2007) ("Because both briefs were filed in connection with proceedings relating to a non-dispositive motion to compel filed by Plaintiffs, the 'good cause' standard applies.").

Additionally, district courts of the Ninth Circuit have found that filings, like the Reply, that do not resolve the merits of the underlying causes of action are non-dispositive for the purposes of Kamakana. See, e.g., Young v. Actions Semiconductor Co., 2007 U.S. Dist. LEXIS 54633, *6 (S.D. Cal., July 27, 2007); Navarro v. Eskanos & Adler, 2007 U.S. Dist. LEXIS 24864, *6 (N.D. Cal., Mar. 22,

-5-

2007); In re NSA Telecoms. Records Litig., 2007 U.S. Dist. LEXIS, *44-46 (N.D. Cal., Feb. 20, 2007). In these cases, the focus of the inquiry is on whether a ruling on the motion in question will resolve the case on the merits or serve as a substitute trial. See In re NSA, 2007 U.S. Dist. LEXIS at *46. Here, the Court's decision on Plaintiffs' Motion to Compel Production of Goodman Materials did not adjudicate any of Plaintiffs' causes of action. See Minute Order [Dkt. 138]. Nor did it serve as a substitute for trial. See id. Rather, it merely decided a discovery dispute between the parties regarding documents Plaintiffs sought to compel from Defendants. Id. Therefore, Plaintiffs' Reply is not a dispositive motion, and good cause is the appropriate standard for the Court to employ to determine whether the Sealed Materials should remain under seal.

   2. <u>Good Cause compels the maintenance of the secrecy of the Sealed Materials</u>

Good cause exists to preserve the secrecy of a litigant's confidential information where, as here, Defendants will suffer specific prejudice and harm if their confidential material is made public. Philips v. General Motors Corp., 307 F.3d 1206, 1210-1211 (9th Cir. 2002). This Court has "much flexibility" under Rule 26 of the Federal Rules of Civil Procedure to protect Defendants from the annoyance, embarrassment, oppression, or undue burden that will result if Defendants' confidential material is disclosed to the public. See Kamakana, 447 F.3d at 1180; Philips, 307 F.3d at 1211. Further, this Court has broad discretion "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." Philips, 307 F.3d at 1211 (emphasis in original).

   a. *As a matter of law, Defendants have good cause to maintain the privacy of information regarding their compensation.*

The Reply's multiple references to Alleged Compensation, as well as Exhibits A and B, disclose the terms and amounts of Mr. Day and Mr. Fougnies'

compensation from FWI. As a matter of Ninth Circuit precedent, Mr. Day and Mr. Fougnies have a significant interest in safeguarding the privacy of their salaries and other compensation. In <u>Painting Industry of Hawaii Market Recovery Fund v. U.S. Dept. of the Air Force</u>, 26 F.3d 1479, 1483 (9th Cir. 1994), the Ninth Circuit stated that "it cannot be disputed that . . . information [about occupational classification, wages, and wage deductions] is normally considered private," and its forced disclosure would result in a "<u>significant</u> invasion of privacy." (emphasis added) Other Circuits have similarly found that an individual's interest in the secrecy of his or her compensation trumps any competing public interest, especially where, as here, the individuals are private employees. <u>See, e.g.</u>, <u>Sheet Metal Workers Int'l Ass'n, Local Union No. 19 v. U.S. Dep't of Veterans Affairs</u>, 135 F.3d 891, 904 (3d Cir. 1998); <u>Hopkins v. U.S. Dep't of Housing & Urban Dev.</u>, 929 F.2d 81, 87 (2d Cir. 1991).

Moreover, Mr. Day and Mr. Fougnies handle information regarding their compensation with the utmost discretion, taking care to maintain its privacy. Declaration of Larry L. Day concurrently filed herewith ("Day Declaration"), ¶ 5; Declaration of Douglas V. Fougnies concurrently filed herewith ("Fougnies Declaration"), ¶ 2. They reasonably fear, as discussed below, that the disclosure of their compensation information would invite unwelcome attention and harassment to themselves and their families. Day Declaration, ¶ 6; Fougnies Declaration, ¶ 3. Therefore, Mr. Day and Mr. Fougnies have particularized good cause to prevent the invasion of privacy that would result, as a matter of law, if the Reply's references to Alleged Compensation and Exhibits A and B are made publicly available.

        b.    *Likewise, FSP and FWI have good cause to protect the privacy of their commercial information.*

Exhibits J and K disclose the amounts FSP and FWI paid, respectively, for legal representation provided by Boland Law Group, PLLC from 2006 and 2008. Such payment information falls within the confidential commercial information

which Rule 26(c) empowers this Court to protect. Zenith Radio Corp. v. Matsushita Electric Industrial Co., Ltd., 529 F. Supp. 866, 890, (E.D. Penn. 1981) ("The cases concerning the protection of trade secrets and confidential commercial information, decided under Rule 26(c)(7) . . . indicate that this subject-matter category is broad enough to include a wide variety of business information"). Courts applying Rule 26(c) in cases analogous to the present action have repeatedly found sufficient good cause to prevent public disclosure of documents containing information similar to the information in Exhibits J and K.[3]

      Moreover, FWI and FSP will suffer specific prejudice if Exhibit K (FSP's legal expenses) is unsealed. For FWI, whose primary business consists of patent enforcement, the disclosure of any information related to its legal expenses could have devastating consequences for future litigation. Day Declaration, ¶ 3. Knowledge of FWI's legal expenses would give FWI's litigation opponents an unfair advantage in terms of settlement negotiations and litigation strategy. Id. at ¶ 3. If FWI's opponents know, or have a reasonable basis to estimate, FWI's legal expenses, FWI has reduced leverage with which to maximize settlement amounts. Id. at ¶ 3. The highly-detailed information presented in Exhibit K, covering two years of legal expenses, is precisely the sort of information that FWI's litigation opponents can use to undercut FWI's negotiating posture. Id. at ¶ 3. As FSP has a contractual right to a portion of FWI's net royalty income, any threat to FWI's ability to conduct business also directly and negatively impacts the amount of royalties available to FSP and, ultimately, to FSP's partners (including Plaintiffs). Declaration of Jovan Vercel, Jr. concurrently filed herewith ("Vercel Declaration"),

---

[3] See Vollert v. Summa Corp., 389 F. Supp. 1348 (D.Haw. 1975) (financial records detailing capitalization, net worth, and annual income); Corbett v. Free Press Assoc., 50 F.R.D. 179 (D.Vt. 1970) (profit and gross income data); Hecht v. Pro-Football, Inc., 46 F.R.D. 605 (D.D.C. 1969) (financial statements).

1 ¶ 3.  Therefore, FWI and FSP have good cause to prevent the public disclosure of
2 Exhibits J and K.  Those documents should remain sealed.

       3. <u>Defendants likewise satisfy the "compelling reasons" standard</u>

The Ninth Circuit has recognized that compelling reasons exist to preserve the secrecy of confidential information where court records may "become a vehicle for improper purposes, such as . . . to gratify private spite . . . or release trade secrets."  <u>Kamakana</u>, 447 F.3d at 1179.  Compelling reasons exist in this case to prevent the Sealed Material from entering the public domain.

       a. *Information regarding Mr. Day and Mr. Fougnies' compensation may be used to gratify private spite.*

As detailed above, Mr. Day and Mr. Fougnies have a significant and legally cognizable interest in preserving the secrecy of the salary information contained in the Reply's references to Alleged Compensation and Exhibits A and B.  In addition, Mr. Day and Mr. Fougnies have compelling reasons to prevent this information from reaching the public sphere, where it could feed private spite.

Significantly, FWI is a private corporation.  Day Declaration, ¶ 4.  Information regarding the compensation paid to FWI's officers is not publicized.  <u>Id.</u>  Furthermore, Mr. Day and Mr. Fougnies are family men with minor children.  Information regarding Mr. Day and Mr. Fougnies' salary may invite unwelcome attention and harassment to Mr. Day, Mr. Fougnies and their relatives.  Day Declaration, ¶ 6;  Fougnies Declaration, ¶ 3; <u>see also</u> <u>Oracle Corp.</u>, 2007 U.S. Dist. LEXIS 84000, *9-10 (finding that the "compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm," and "protection of the confidential witnesses' private information is of particular importance, as such witnesses can be susceptible to retaliation and harassment").  Accordingly, Mr. Day and Mr. Fougnies have compelling reasons to ensure that the Reply's references to Alleged Compensation and Exhibits A and B remain under seal.

1             b.    *The information contained in Exhibits J and K constitutes trade secrets owned by FWI and FSP.*

The Court should find compelling reasons to preserve the confidentiality of Exhibits J and K because they fit squarely within the Ninth Circuit's definition of trade secrets. A "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." Restatement of Torts § 757, cmt. b; see also Clark v. Bunker, 453 F.2d 1006, 1009 (9th Cir. 1972) (adopting the Restatement definition). Exhibits J and K consist of fifteen pages summarizing, at great detail, FWI and FSP's legal expenses over a two-year period. FWI goes to great lengths to maintain the secrecy of this information. Day Declaration, ¶2. As explained above, FWI's business requires that its litigation opponents remain ignorant as to the amounts FWI is willing to spend on legal representation. FWI therefore derives economic value from these amounts not being generally known or readily ascertainable by the public. As such, FWI's legal expenses are a trade secret. See Electronic Arts, Inc. v. U.S. Dist. Ct. for the N. D. Cal., 298 Fed. Appx. 568 (9th Cir. 2008); See also N.R.S. 600A.030. Moreover, as FSP (and Plaintiffs) depend on FWI's continued litigation success, FSP's income is directly linked to the secrecy of FWI's legal expenses. Therefore, compelling reasons support maintaining the confidentiality of Exhibits J and K.

**B.    In Any Event, The Court Must Redact All Social Security Numbers Appearing In Exhibits A And B.**

Regardless of the Court's determination of Defendants' Motion to Seal, Defendants respectfully urge the Court to prevent public disclosure of the Social Security Numbers appearing in Exhibits A and B. Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, "unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number . . .

1 | a party or nonparty making the filing may include only: (1) the last four digits of the
2 | social security number." No such order allowing such publication has been entered
3 | herein.
4 |     Rule 5.2 was "adopted in compliance with section 205(c)(3) of the E-
5 | Government Act of 2002, [which] requires the Supreme Court to prescribe rules to
6 | protect privacy and security concerns relating to electronic filing of documents and
7 | the public availability [ ] of documents filed electronically." Fed.R.Civ.P. 5.2, Notes
8 | of Advisory Committee on 2007 Amendments, ¶ 1; see also Sheet Metal Workers,
9 | 135 F.3d at 904 ("the extensive use of Social Security numbers as universal
10 | identifiers in both the public and private sectors is one of the most serious
11 | manifestations of privacy concerns in the nation"). Further, the Rule set the
12 | *minimum* requirements for protection of personal information, which a court may
13 | augment as needed. See id. at ¶ 3.[4]
14 |     As stated above, Plaintiffs do not oppose Defendants' request to bring
15 | Exhibits A and B into compliance with Rule 5.2 by redacting the Social Security
16 | Numbers. Therefore, as a matter of law and in line with the parties' mutual interest,
17 | the Court should prevent the Social Security Numbers from entering the public
18 | domain without appropriate redaction.

---

[4] Paragraph 3 of the Advisory Committee Notes to the 2007 Amendments to Rule 5.2 provides: "While providing for the public filing of some information, such as the last four digits of an account number, the rule does not intend to establish a presumption that this information never could or should be protected. For example, it may well be necessary in individual cases to prevent remote access by nonparties to any part of an account number or social security number. It may also be necessary to protect information not covered by the redaction requirement--such as driver's license numbers and alien registration numbers--in a particular case."

## IV. CONCLUSION

For all the reasons set forth above and in the declarations filed concurrently herewith, the Court should grant Defendants' Motion and issue an order requiring the Sealed Materials to remain under seal.

Dated: June 11, 2009

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   /s/ Bethany L. Hengsbach
         BETHANY L. HENGSBACH
         Attorneys for Defendants

## CERTIFICATION OF COUNSEL

The undersigned counsel for Defendants hereby certifies that, during personal consultation on June 10, 2009 with Andrew Friedman, counsel for Plaintiffs, he assented that the Motion to Redact Social Security Information Filed with Plaintiffs' Reply In Support of Their Motion to Compel Goodman Materials could be filed and we could inform the Court that Plaintiffs do not oppose this motion or the relief sought.

/s/ Bethany L. Hengsbach

GREGORY P. BARBEE, ESQ.
BETHANY L. HENGSBACH, ESQ.
Admitted *Pro Hac Vice*
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
333 South Hope Street, 48th Floor
Los Angeles, California  90071-1448
(213) 620-1780
*Attorneys for Defendants*

June 11, 2009

<u>PROOF OF SERVICE</u>

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071-1448.

On **June 11, 2009**, I electronically filed the below named document(s) entitled:

**DEFENDANTS' (1) MOTION IN RESPONSE TO PLAINTIFFS' NOTICE OF PRELIMINARILY FILING THEIR REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL GOODMAN MATERIALS UNDER SEAL [Dkt. 123]; and**

**(2) *UNOPPOSED* MOTION TO REDACT SOCIAL SECURITY INFORMATION FILED WITH PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL GOODMAN MATERIALS**

with the Clerk of Court using the CM/ECF filing system. The foregoing document(s) was served via the United States District Court CM/ECF system on all parties or persons requesting notice:

- J. James Christian
  jjc@tblaw.com
- Richard G. Himelrick
  rgh@tblaw.com
- Andrew S. Friedman
  afriedman@bffb.com
- Francis J. Balint
  fbalint@bffb.com
- Robert C. Maddox
  rmaddox@maddoxandassociates.com
- Troy L. Isaacson
  TIsaacson@maddoxandassociates.com
- Mark Albright
  gma@albrightstoddard.com

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **June 11, 2009**, at Los Angeles, California.

*/s/ Rose A. Jauregui*
Rose A. Jauregui