1   ALBRIGHT, STODDARD, WARNICK & ALBRIGHT
      A Professional Corporation
2   MARK ALBRIGHT
    gma@albrightstoddard.com
3   801 S. Rancho Drive
    Building D
4   Las Vegas, Nevada  89106
    Telephone:    702-384-7111
5   Facsimile:    702-384-0605

6   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
7       Including Professional Corporations
    GREGORY P. BARBEE, Cal. Bar No. 185156
8   gbarbee@sheppardmullin.com (admitted *pro hac vice*)
    BETHANY L. HENGSBACH, Cal. Bar No. 243958
9   bhengsbach@sheppardmullin.com (admitted *pro hac vice*)
    333 South Hope Street, 48th Floor
10  Los Angeles, California  90071-1448
    Telephone:    213-620-1780
11  Facsimile:    213-620-1398

12  Attorneys for Defendants Freedom Wireless,
    Inc., Douglas V. Fougnies and Larry L. Day
13

14              UNITED STATES DISTRICT COURT

15            DISTRICT OF NEVADA – LAS VEGAS

16

| 17 | STEVEN KLEIN, WILLIAM J. BROOKSBANK, DONAVON JOHNSON, KEVIN BURK, JACK WHISLER, and JOSEPH F. MANNIX, individually, and on behalf of all other similarly situated, | Case No. 2:08-CV-01369-PMP-PAL |
|---|---|---|
| | | **DEFENDANTS FREEDOM WIRELESS, INC., DOUGLAS V. FOUGNIES AND LARRY L. DAY'S REPLY IN SUPPORT OF MOTION TO DISQUALIFY TIFFANY & BOSCO, P.A. AS COUNSEL FOR PLAINTIFFS** |
| | Plaintiffs, | |
| | v. | |
| | FREEDOM STRATEGIC PARTNERS, LLC, JOVAN VERCEL, JR., KENNETH M. WIDNER, FREEDOM WIRELESS, INC., DOUGLAS V. FOUGNIES, and LARRY L. DAY, | [Complaint Filed:  August 29, 2008] |
| | Defendants. | |

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2    Defendants Freedom Wireless, Inc. ("Freedom Wireless"), Douglas V.

3  Fougnies, and Larry L. Day (collectively, "Defendants") respectfully submit this Reply

4  memorandum in support of their Motion to Disqualify Tiffany & Bosco, P.A. as Counsel

5  for Plaintiffs [Dkt. 184] ("Motion").  Defendants' Motion requests that the Court disqualify

6  the law firm of Tiffany & Bosco as counsel for Plaintiffs based on ethical violations

7  committed by a Tiffany & Bosco attorney, who improperly sought out and reviewed

8  inadvertently produced and facially apparent attorney-client privileged communications

9  and attorney work product.  Rather than meet their ethical obligations under the Nevada

10  Rules of Professional Conduct to inform Defendants' counsel of this occurrence, counsel at

11  Tiffany & Bosco instead sought out more, and complete copies, of the privileged

12  communications.  Although the sanction of disqualification is severe, for the reasons set

13  forth below, in Defendants' Motion, the Declaration of Gregory P. Barbee [Dkt. 185], the

14  Declaration of Christopher E. Hale [Dkt. 186], and the Declaration of Dan Harned [Dkt.

15  187], the Court should disqualify Tiffany & Bosco as counsel for Plaintiffs.

16

17  **A.**  **Tiffany & Bosco Should Be Disqualified Because They Failed To Comply With**

18  **Required Ethical Standards Of Practice, And The *Meador* Factors Do Not**

19  **Suggest Otherwise**

20    As an initial matter, Plaintiffs' Opposition [Dkt. 198] mischaracterizes the

21  *Meador* analysis as a six-part balancing test.  As the court in *Richards* explained, the

22  *Meador* analysis was simply a set of six different factors that the court used as a

23  framework for applying the recognized standards for disqualification to the particular facts

24  of the case.  *See Richards v. Jain*, 168 F. Supp. 2d 1195, 1205 (W.D. Wash. 2001).  The

25  recognized standards, applied to the facts of this case, support Tiffany & Bosco's

26  disqualification.  The Court should not view Tiffany & Bosco's actions any more favorably

27  when simply reorganized under the six factors of the *Meador* analysis.  Moreover, as the

28  court in *Meador* explicitly stated, the six factors are not an exclusive list of the important

-1-

considerations. *In re Meador*, 968 S.W.2d 346, 351 (Tex. 1998). Defendants will address each of Plaintiffs' arguments under the *Meador* analysis.

1. **Tiffany & Bosco Knew, Or Should Have Known, That The Materials Were Privileged**

Throughout both their Opposition and the supporting declaration of Mr. Christian, Plaintiffs inconsistently describe Tiffany & Bosco's review of Defendants' privileged documents. At various points in their papers, Plaintiffs state that no one at Tiffany & Bosco reviewed privileged materials [*see* Opposition 10:22-23], but that Mr. Christian reviewed the materials on the first CD produced by Mr. Harned closely enough to determine that "[t]he CD appeared to contain spreadsheets into which Mr. Harned apparently attempted to import e-mails" [*see* Opposition 4:9-10; Christian Declaration, ¶ 13]. In fact, Mr. Christian's communications with Mr. Harned subsequent to receiving that CD contradict Plaintiffs' assertion that the information was incomprehensible; counsel at Tiffany & Bosco knew exactly what they had received, and they were able to describe it succinctly and accurately:

> On the disk you sent me, there were eight work e-mail Excel spreadsheets with eight different groups of e-mails. However, on the PST file you sent me, only the e-mails on the first Excel spreadsheet were included. Would you please send me the seven remaining PST files for the seven remaining Excel spreadsheet files?

[Harned Decl., ¶5, Ex. B.].

No matter whether Tiffany & Bosco's review of these files was "quick," "cursory," "perfunctory," or otherwise, it is not reasonably credible that Tiffany & Bosco could conduct such a review to determine that the information was "unusable" and fail to recognize the potentially privileged nature of hundreds of entries listing Defendants' counsel as senders and recipients. Even a "cursory" glance at these files, screenshots of

DEFENDANTS FWI, FOUGNIES AND DAY'S REPLY
IN SUPPORT OF MOTION TO DISQUALIFY

1   which are included as Exhibit A to the Hale Declaration, belies Plaintiffs' assertion and

2   shows that Tiffany & Bosco either knew, or should have known, that the materials they

3   received and the materials they further sought out were privileged communications.

4

5       **2.    Tiffany & Bosco Did Not Notify Defendants That They Had Received**

6           **Privileged Information**

7           Once counsel at Tiffany & Bosco knew, or should have known, that they

8   received privileged communications, Rule 4.4(b) of the Nevada Rules of Professional

9   Conduct required that they provide notification of this fact. Based on Mr. Christian's

10  communications with Mr. Harned, Tiffany & Bosco should have provided this notice no

11  later than May 20, 2009. [*See* Harned Decl., Ex. B.] Plaintiffs' counsel failed to provide

12  such prompt notice and took no steps at that time to protect Defendants' privileged

13  documents and communications. Instead, Tiffany & Bosco kept the materials for their

14  own use, did not notify Defendants that Mr. Harned had produced *any* documents until

15  June 4, 2009, misrepresented the extent of production by Mr. Harned, failed to provide a

16  copy of a portion of the production until June 8, 2009, waited until Defendants complained

17  about privileged documents in the production before notifying Defendants that Mr. Harned

18  had produced *another* CD (produced weeks earlier) which Tiffany & Bosco had printed

19  out, and only produced a complete set of Mr. Harned's production in response to this

20  motion. [*See* Harned Decl. ¶¶ 3-5; Barbee Decl. ¶¶ 2-7.] Tiffany & Bosco's actions are

21  the antithesis of the "prompt notification" required.

22

23      **3.    Tiffany & Bosco Reviewed Privileged Information**

24          While Plaintiffs insist in their Opposition and supporting papers that Tiffany

25  & Bosco did not review the materials on the second CD produced by Mr. Harned,

26  Defendants have no way to verify such assertions short of limited discovery allowed by the

27  Court on this issue. Plaintiffs concede that counsel at Tiffany & Bosco, if only Mr.

28  Christian, did review the first CD produced by Mr. Harned. As discussed above, Mr.

-3-

DEFENDANTS FWI, FOUGNIES AND DAY'S REPLY
                                                IN SUPPORT OF MOTION TO DISQUALIFY

1  Christian's contemporaneous communications contradict Plaintiffs' current assertion that

2  counsel at Tiffany & Bosco found the materials incomprehensible. Furthermore, the Excel

3  spreadsheets were not the only privileged—and facially privileged—materials included on

4  the first CD. In total, the first CD contained at least 13 privileged documents. One of

5  these documents contained the marking

6  "PRIVILEGEDANDCONFIDENTIALATTORNEYWOR" in the file name. [Hale Decl.,

7  Ex. C.] Plaintiffs' Opposition does not dispute that, even if only Mr. Christian reviewed

8  the files, the Court should impute his actions and knowledge to the entire firm at which he

9  is employed, *i.e.*, Tiffany & Bosco. Therefore, Tiffany & Bosco reviewed privileged

10  materials and, through its actions, either intentionally invaded Defendants' privilege or, at a

11  minimum, treated it with gross indifference.

12

13      **4.      The Court May Review The Subject Materials *In Camera* To Determine**

14          **Their Significance**

15          To show the Court the significance, and sheer amount, of the privileged

16  materials that Tiffany & Bosco either reviewed or pursued knowing the materials'

17  privileged nature, Defendants attached a log showing those documents from the Harned

18  productions known to be privileged as of June 24, 2009. [*See* Hale Decl., Ex. C.] The

19  Court may review the actual documents *in camera* to determine their significance. Even in

20  cases where no prejudice results, however, courts (and in particular this Court) have not

21  allowed this fortuitous outcome to shield attorneys who fail to uphold the standards of the

22  profession. The Court must "take into consideration the fact that attorneys are officers of

23  the court and have a duty to maintain the integrity of the legal profession." *Faison v.*

24  *Thornton*, 863 F. Sup. 1204, 1216 (D. Nev. 1993) (declining to apply standards that would

25  excuse an attorney's flagrant violation where neither party is prejudiced).

26

27

28

-4-

DEFENDANTS FWI, FOUGNIES AND DAY'S REPLY
                                                IN SUPPORT OF MOTION TO DISQUALIFY

**5.    Defendants Were Not At Fault For Mr. Harned's Inadvertent Production**

Plaintiffs concede that a third party, Mr. Harned, produced the documents at issue.  However, Plaintiffs have made a strained attempt to cast the blame for their counsel's unethical behavior on Defendants by comparing Mr. Harned's production to past discovery disputes and issues between the parties concerning subpoenas to third parties.  As Plaintiffs note, Defendants have previously opposed, either by motion or through the meet and confer process, Plaintiffs' attempts to obtain privileged and confidential materials from third parties.  However, these third parties either had a current relationship with Defendants or Defendants had reason to believe that the third parties possessed such privileged and confidential materials.  In contrast, Mr. Harned is a former employee of Defendants, and even *he* did not know that he had any materials dating back to his employment, let alone privileged communications between Defendants and their counsel. [*See* Harned Decl., ¶¶ 3, 6.]

Plaintiffs provide absolutely no support or foundation for their suggestion that Defendants "likely" waived privilege by not pre-screening a former employee's production of documents in response to a subpoena.  Not only would such a proposition be entirely inconsistent with the law concerning inadvertent disclosure, waiver, and the protections afforded attorney-client communications, but the Federal Rules of Civil Procedure include a provision to remedy precisely such a situation.  *See* Fed. R. Civ. Proc. 45(d)(2)(B).  In any case, Defendants were not at fault for the inadvertent production, and the Court should disregard Plaintiffs' attempts to cast blame elsewhere than where it lies – on its counsel, Tiffany & Bosco.

W02-WEST:1CEH1\401743242.1

DEFENDANTS FWI, FOUGNIES AND DAY'S REPLY
IN SUPPORT OF MOTION TO DISQUALIFY

6.    **While Plaintiffs Might Suffer Some Prejudice, This Alone Cannot Shield Their Counsel From The Repercussions Of Unethical Practice**

Defendants do not dispute that Plaintiffs will suffer some prejudice as a result of the disqualification of one of the three law firms currently representing Plaintiffs. However, the question the Court should address is whether the prejudice is undue given the extent of Tiffany & Bosco's ethical violation. Defendants also note that, since Plaintiffs purport to be represented on a contingency basis, the particular amount of fees that would otherwise have been incurred through Tiffany & Bosco's efforts is irrelevant. Discovery is ongoing in this case, in which the Court has not yet even determined the issue of class certification. No trial date has been set. There is nothing to suggest that Plaintiffs could not obtain competent counsel to replace Tiffany & Bosco. Indeed, Plaintiffs already have two other law firms representing them in this case.

B.    **Plaintiffs Ignored Defendants' Requests For Further Information Concerning The Protection Of Their Privileged Materials, And No Formal Meet And Confer Process Was Required**

In a last ditch effort to avoid disqualification of Tiffany & Bosco, Plaintiffs mischaracterize Defendants' Motion to Disqualify as a discovery motion. Plaintiffs then argue that Defendants' Motion should be denied because the parties did not meet and confer pursuant to Local Rule 26-7, which governs discovery motions. Not so.

Based on the facts and evidence set forth in Defendants' Motion and supporting papers, counsel at Tiffany & Bosco knew or reasonably should have known that they received an inadvertent production of Defendants' attorney-client privileged communications. Instead of notifying Defendants as required by the Nevada Rules of Professional Conduct, Tiffany & Bosco sought out more and complete copies of those privileged communications. Tiffany & Bosco took no steps to comply with ethical standards until Defendants asked about the production, received the production from

-6-

1   counsel at Tiffany & Bosco and notified them that the production contained privileged

2   communications.  Tiffany & Bosco's actions led to the requested relief, which *does not*

3   seek discovery relief.  Defendants' motion cannot reasonably be characterized as a

4   discovery motion, and it is not subject to the meet and confer requirements of Local Rule

5   26-7.

6

7         Nonetheless, Plaintiffs would have this Court ignore that Defendants, in fact,

8   met and conferred about this Motion before filing.  Before filing their Motion, and after

9   Tiffany & Bosco had taken no further steps to address the issue since receiving

10   Defendants' privilege log, Defendants requested that counsel at Tiffany & Bosco provide

11   the following information so that Defendants could determine the extent of Tiffany &

12   Bosco's invasion of the privilege: (1) the identity of each and every person who received

13   and/or reviewed Defendants' privileged materials, (2) the steps taken to insure that no

14   further invasion of the privilege could or would take place, and (3) exactly when and what

15   Tiffany & Bosco received from Mr. Harned (including the form it was received in).

16

17         Tiffany & Bosco ignored Defendants' simple requests, and Tiffany & Bosco

18   did not provide a complete explanation of their actions until Plaintiffs filed their

19   Opposition to Defendants' Motion.  Given the gravity of the situation, the invasion of

20   Defendants' privileges that had already taken place, the amount of Defendants' privileged

21   information that was within Tiffany & Bosco's possession at that time, and the lack of any

22   credible reassurance that Tiffany & Bosco had taken or would take proper steps to protect

23   Defendants' privileged communications, Defendants properly brought this Motion.

24

25

26

27

28

        DEFENDANTS FWI, FOUGNIES AND DAY'S REPLY
IN SUPPORT OF MOTION TO DISQUALIFY

**C.**     **Conclusion**

For the foregoing reasons, and for those set forth in Defendants' Motion and supporting papers, Defendants respectfully request that the Court disqualify Tiffany & Bosco as counsel for Plaintiffs.


Dated:  August 17, 2009                    Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By          */s/ Gregory P. Barbee*
                  GREGORY P. BARBEE
                  Attorneys for Defendants
            FREEDOM WIRELESS, INC.,
      DOUGLAS V. FOUGNIES and LARRY L.
                         DAY

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 43rd Floor, Los Angeles, California 90071-1448.

On **August 17, 2009**, I electronically filed the below named document(s) entitled:

**DEFENDANTS FREEDOM WIRELESS, INC., DOUGLAS V. FOUGNIES AND LARRY L. DAY'S REPLY IN SUPPORT OF MOTION TO DISQUALIFY TIFFANY & BOSCO, P.A. AS COUNSEL FOR PLAINTIFFS**

with the Clerk of Court using the CM/ECF filing system. The foregoing document(s) was served via the United States District Court CM/ECF system on all parties or persons requesting notice:

- J. James Christian
  jjc@tblaw.com

- Richard G. Himelrick
  rgh@tblaw.com

- Andrew S. Friedman
  afriedman@bffb.com

- Francis J. Balint
  fbalint@bffb.com

- Robert C. Maddox
  rmaddox@maddoxandassociates.com

- Troy L. Isaacson
  TIsaacson@maddoxandassociates.com

- Mark Albright
  gma@albrightstoddard.com

I certify that some of the participants are not registered CM/ECF users. The foregoing document will be deposited with the U.S. postal service on this date with postage thereon fully prepaid at Los Angeles, California, to the following non-CM/ECF participant:

H. Michael Clyde
Perkins, Coie, Brown & Bain P.A.
2901 North Central Avenue, Suite 2000
Phoenix, Arizona  85012

☒    **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **August 17, 2009**, at Los Angeles, California.

_/s/ Rose A. Jauregui_
Rose A. Jauregui

W02-WEST:1CEH1\401743242.1                                                           PROOF OF SERVICE