**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVEN KLEIN, WILLIAM J. BROOKSBANK, DONAVON JOHNSON, KEVIN BURK, and JOSEPH F. MANNIX, individually and on behalf of all others similarly,<br><br>Plaintiffs,<br><br>v.<br><br>FREEDOM STRATEGIC PARTNERS, LLC, JOVAN VERCEL, JR., KENNETH M. WIDNER, FREEDOM WIRELESS, INC., DOUGLAS V. FOUGNIES, and LARRY L. DAY,<br><br>Defendants. | Case No. 2:08-cv-1369-PMP-PAL<br><br>**FINAL ORDER OF DISMISSAL** |

2445476v1

Based on the submissions of the parties in the above-captioned action (the "Action"), including their oral presentations at the Fairness Hearing, it is hereby ORDERED AND DECREED AS FOLLOWS:

1. This Order incorporates and makes part hereof: (a) the Parties' Stipulation of Settlement, filed March 26, 2010, including Exhibits A through I (collectively the "Settlement Agreement"), and (b) the Court's findings and conclusions contained in its Order dated April 8, 2010 ("Preliminary Approval Order"). All defined terms in this Order have the same meanings as in the Settlement Agreement.

2. The Court has personal jurisdiction over the Settling Parties including all Class Members. The Court has subject matter jurisdiction over the claims asserted in the Action including, without limitation, jurisdiction to approve the Settlement. Venue in this Court is proper.

3. The Class defined in the Settlement Agreement and conditionally approved in the Court's Preliminary Approval Order is hereby finally certified for settlement purposes. The following persons have properly and timely requested exclusion from the Class in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order are hereby excluded from the Class: Ivan Torres.

2445476v1

4. The Class Notice served direcly by mail on all Persons within the definition of the Class based on the highly reliable records maintained by the Defendants:

    a. constituted the best practicable notice, under the circumstances;

    b. constituted notice that was reasonably calculated to apprise Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement and to appear at the Fairness Hearing;

    c. was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice; and

    d. met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, and its Amendments.

5. Class Counsel and the Plaintiffs adequately represented the Class for purposes of entering into and implementing the Settlement.

6. The Settlement Agreement is fair, reasonable and adequate, and consistent and in compliance with the applicable provisions of the United States Constitution, its Amendments, and the Federal Rules of Civil Procedure, as to, and in the best interests of, the Class.

7. The Plan of Allocation is hereby approved.

2445476v1

8. The Settling Parties and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and provisions.

9. The Settlement Agreement is binding on, and has <u>res judicata</u>, claim preclusive and issue preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Settlement Agreement and the Release maintained by or on behalf of Plaintiffs and all other Class Members, as well as their heirs, executors, beneficiaries, personal representatives, conservators and administrators, predecessors, successors and assigns.

10. On the Effective Date established in the Settlement Agreement, the Release set forth in the Settlement Agreement, Paragraph 12, forever discharges the Released Parties from any claims or liabilities arising from or related to the Released Claims as to any Class Member.

11. All Class Members and/or their representatives who have not been excluded from the Class are permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from any other lawsuit (including putative class action lawsuits), arbitration, administrative, regulatory, or other proceeding, order, or cause of action in law or equity in any jurisdiction that arises from or is related to the Released Claims.

12. All Class Members and all persons in active concert or participation with Class Members are permanently barred and enjoined from organizing Class

3

2445476v1

Members who have not been excluded from the Class into a separate class for purposes of pursuing, as a purported class action, any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims, causes of action, or the facts alleged in the Action or the Released Claims.

13.     The Settling Parties are authorized, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of this Settlement that are consistent with the Order of Dismissal, and do not limit the rights of Class Members under the Settlement Agreement.

14.     Class Counsel are hereby awarded attorneys fees and expenses in the combined amount of $3,250,000.00.  This amount covers any and all claims for attorneys' fees and expenses incurred by any and all counsel for Plaintiffs and the Class in connection with the settlement of the Action.  Such payment is to be made to Class Counsel (Bonnett, Fairbourn, Friedman & Balint, P.C. and Tiffany & Bosco, PA) from the Settlement Fund on the Effective Date.  Bonnett, Fairbourn, Friedman & Balint, P.C. and Tiffany & Bosco, PA, in their sole discretion, are to allocate and distribute the Class Counsel Payment among all counsel for the Plaintiffs.

15.     The Court awards each person current and former named Plaintiff who was deposed in this action $7,500.00 as a service award reflecting their personal time and effort committed to the prosecution of the Action, inuring to the

4

2445476v1

benefit of the entire Class. The service awards are to be paid from the Settlement Fund on the Effective Date.

16. The Court awards the Defendants, in reimbursement for the cost of providing notice to the Class, the amount of $ 4,119.90 , to be paid from the Settlement Fund on the Effective Date.

17. Without affecting the finality of the Order of Dismissal for purposes of appeal, the Court retains jurisdiction over the Action and over each and all of the Settling Parties as to all matters relating to administration, consummation, performance, enforcement, and interpretation of the Agreement and the Order of Dismissal, any Separate Settlement Obligation, and for any other matter arising under the Settlement Agreement.

18. Neither this Order, nor the Settlement Agreement, nor any other document referred to herein or therein, nor any action taken to carry out this Order is, may be construed as, or may be used as an admission or concession by or against any of the Settling Parties of the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings relating to it, is not in any event be construed as, or deemed evidence of, an admission or concession as to any denial or defense, and may not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the Settlement

2445476v1

or to enforce the provisions of this Judgment and the Settlement Agreement; provided however, this Order and the Settlement Agreement may be filed in any action against or by any Released Party to support a defense of <u>res judicata</u>, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim to the extent allowed by law.

19. All of the claims asserted in this Action, and those that could have been asserted, are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as otherwise provided in the Settlement Agreement or this Order.

20. This Order resolves all claims and counterclaims in the Action and is a final, appealable order.

Let this Order Be Entered Accordingly.

SO ORDERED this ___ 6th day of July, 2010.

_____
Honorable Philip M. Pro
United States District Court Judge

2445476v1